EDITH HAMABATA, Claimant-Appellant, *v.* HAWAIIAN
INSURANCE AND GUARANTY CO., LTD., Employer
and Insurance Carrier-Appellees

NO. 6680

NOVEMBER 13, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam*. This is an appeal from a decision and order of
the Labor and Industrial Relations Appeals Board, denying
appellant temporary total disability for a period commencing
January 17, 1976 (except for a period of two weeks which
appellee had agreed to pay), allegedly arising out of an injury
in 1971. The question is whether the decision of the Appeals
Board was clearly erroneous. We find that it was not and
affirm.

Appellant was injured on the job on September 8, 1971.
On April 27, 1972, she was awarded temporary total disability
compensation from November 1, 1971 through April 10, 1972.
The case, thereafter, was reopened and she was awarded
additional temporary total disability for the periods March 8,
1973 through April 3, 1973 and December 3, 1973 through
February 7, 1974 in addition to 11% permanent partial disabil-
ity of her left arm. The 1974 period of temporary total disabil-
ity was later extended by decision through April 29, 1974. On
that date, her treating physician Dr. Dodge testified that her
condition was stabilized by having reached maximum im-
provement.

Appellant was employed from May 1, 1974 to December,
1975 by Aloha Travel when she was laid off due to economic

conditions. During this period, she was, from time to time, complaining of parathesis, pain and weakness in her left arm. In July of 1976, appellant petitioned for her case to be reopened, claiming temporary total disability beginning January 17, 1976. In a letter dated June 16, 1976, her treating physician Dr. Dodge stated that she was temporarily and totally disabled; however, in a letter dated September 28, 1976, Dr. Herbert K. N. Luke who had treated the appellant for her condition back in 1971 and had recently examined her, rendered an opinion that her symptoms were chronic, probably would occur off and on and that she was not disabled from work. According to Dr. Luke, she said that her symptoms had remained unchanged. His findings were that her claims were of subjective nature with no real solid physical finding and that based on the examination, he could see no difference with respect to his physical findings as of that date than he did back in 1971.

At the hearing, the appellant testified that her current activities included bowling two or three times a week and instructing junior bowlers. She belonged to three organized bowling leagues.

The standard of review is set forth in § 91-14(g)(5), which provides for reversing the decision of the appeals board when it is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." *See, De Fries v. Association of Owners, 999 Wilder*, 57 Haw. 296, 555 P.2d 855 (1976) and *De Victoria v. H and K Contractors*, 56 Haw. 552, 545 P.2d 692 (1976).

The question which was before the Appeals Board was not whether appellant's present complaints are connected to the 1971 injury — that is not in dispute. The question was whether her present complaints constitute temporary total disability. Those complaints were noted as occurring intermittently by Dr. Dodge in his report in November of 1974, and again were noted by him during her visits to him in 1975, at both of which times, she was employed and working. Given the report of Dr. Luke, the reports of Dr. Dodge, the appellant's testimony as to her employment subsequent to the

injury, and her activities, there certainly was ample testimony upon which the Board could conclude that appellant's complaints with respect to the period beginning January 17, 1976 were not totally disabling.

Appellant argues, however, that the Board below was bound by the opinion of Dr. Dodge given in mid-1976 that appellant was totally disabled, citing the cases of *Speigner v. McGhee*, 55 Ala. App. 384, 316 So.2d 215 (1975) and *Gluck Brothers, Inc. v. Coffey*, 222 Tenn. 6, 431 S.W.2d 756 (1968) therefor. Those cases do not so hold.

The statute mandates that the question of whether there was clear error be determined on the whole record. No clear error is apparent on the whole record. Consequently, the decision below is affirmed.

*Laurence D. Scott* for claimant-appellant.

*Leighton Kim Oshima (John A. Roney* on the Brief) for Employer and Insurance Carrier—appellees.