TAKESHI TSUCHIYAMA, Claimant-Appellee, *v.* KAHULUI TRUCKING AND STORAGE, INC., Employer-Appellant, Self-Insured

NO. 7197

CASE NO. AB 76-134(M)
(M-73-2856)

JANUARY 15, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a determination by the Labor and Industrial Relations Appeals Board that the appellee was totally and permanently disabled as a result of an industrial accident incurred in the course and scope of his employment by the appellant. We affirm.

The essential facts are not in dispute. Appellee, who has a high school education and does not speak good English, was employed as a mechanic by appellant for more than 40 years. When he was 62, he injured his back while on the job. He was off the job for almost three years, during which time his back was operated on for surgical excision of a disk. Orthopedic surgeons evaluated the permanent disability of the whole man at between 16% and 25%. In October of 1976, he returned to work for the employer, not as a mechanic but as a shop helper, in a job which obviously was specially tailored to take into consideration appellee's limitations due to his injury. The employer allowed him days off when his pain was too great, excused him from activities within the job description which he could not carry on and allowed him rest periods. Appellee testified that while on the job, his back and leg hurt him all the time. Appellee continued to work for appellant for four months until he reached 65, at which time he retired pursuant to the provisions of appellant's union contract.

Appellee could not engage in any activity which required lifting more than 20 pounds, suffered pain on sitting which became severe after a relatively short time and had pain in squatting, etc. He walked with a noticeable limp, as is witnessed by the fact that the appeals board awarded him $1,000 for disfigurement as a result of the limp. An official from the State Employment agency, called by appellant as a witness, indicated that it would be difficult for anyone with a record of back problems similar to appellee's to obtain employment and that upon their referrals of ordinary cases, three out of four referrals were not accepted by prospective employers.

Appellee testified that he had been seeking work and according to appellant's exhibit 1, he had stated to the unemployment insurance division:

> You state you are in good health and feel able to continue to work full-time. You are seeking work as a machinist or a diesel mechanic helper. You place no undue restrictions on your availability for work. You are willing to forego your social security benefits for full-time work and demonstrate an attachment to the labor market through job contracts.

This case was decided under the so-called "odd-lot doctrine" which, briefly summarized, holds that where an employee receives a work-related permanent partial disability which combined with

other factors such as age, education, experience, etc., renders him, in fact, unable to obtain employment, he is entitled to be treated as being permanently totally disabled. It seems to be accepted that the employee has the burden of establishing prima facie that he falls within the odd-lot category. 2 LARSON'S WORKMEN'S COMPENSATION LAWS, § 57.61 (1976).

As was stated in *Wilson v. Weyerhaeuser Co.,* 30 Ore. App. 403, 567 P.2d 567 (1977) at 572:

> The usual area of relevance of proof of motivation is as non-medical evidence tending to establish claimant's *de facto* inability to earn wages in the labor market. This often takes the form of testimony by a partially impaired worker that he has unsuccessfully attempted rehabilitation, . . . or applied for employment, . . . Conversely, the insurer may show that the claimant has refused proffered employment for which he or she is fit. Such evidence is relevant as to whether regular, gainful employment is available for a person in the worker's condition, but it is not the only form of proof. Many other facts provable by either side reflect on that issue. The fact finder's determination of whether regular, gainful employment exists for a worker in the claimant's condition must be based on the entire mix of evidence on the issue including, if offered, evidence relating to motivation.

Under HRS § 91-14(g)(5), the question before us is whether the board's determination that appellee fell within the scope of the odd-lot doctrine is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." *Defries v. Association of Owners,* 57 Haw. 296, 555 P.2d 855 (1976); *Hamabata v. Hawaiian Insurance & Guaranty Co., Ltd.,* 1 Haw. App. 350, 619 P.2d 516 (1980).

Appellee testified at the appeals board hearing as to when he went back to work for appellant:

> Q. Was your back hurting you all the time?
> A. Yes, all the time and my leg too but I try to improve my back more, that's my opinion. I try continue work. Of course, I like money, too.

He also testified:

> Q. But you haven't been able to do any work, is that right?
> A. No, not work for income.

Q. Do you feel Mr. Tsuchiyama you can do any kind of job that you know you get paid for?

A. Yes, sometimes I work —

Q. I am talking about now.

A. I have been trying for a job but I cannot —

Given the pain which appellee testified he was experiencing and had experienced when he returned to work, the limitations of motion and ability which Dr. Probst found and which are in evidence, appellee's age, his education, his difficulty with the English language and his limp, and the fact that employers are reluctant, as was testified, to employ persons with known back trouble, we cannot say that the board was clearly erroneous in determining on the entire mix of evidence that, in effect, no regular gainful employment existed for appellee in his present condition. Accordingly, the judgment is affirmed.

*Andrew S. Iwashita (Case, Kay & Lynch* of counsel) for appellant.

*Lowell K. Y. Chun-Hoon (King & Nakamura* of counsel) for appellee.