RICHARD YARNELL, Respondent–Appellant, v. **CITY ROOFING, INC.** and **INDUSTRIAL INDEMNITY COMPANY**, Petitioners–Appellees, and **SPECIAL COMPENSATION FUND**, Appellee

NO. 14400

(CASE NO. AB 88–263)

JULY 25, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

We granted a Writ of Certiorari to review the opinion of the Intermediate Court of Appeals (ICA). The ICA held that Richard Yarnell (appellant) was permanently totally disabled, and vacated and remanded the decision of the Labor and Industrial Relations Appeals Board (LIRAB). Based on our analysis, the ICA opinion is affirmed in part and modified in part, and the case is remanded for proceedings consistent with the ICA opinion as modified by this court.

I.

As the ICA opinion gives a detailed synopsis of the facts, we will only briefly outline the background. *Yarnell v. City Roofing, Inc.*, 8 Haw. App. 543, 812 P.2d 1199 (1991). Following a work–related injury in 1974, appellant went through various operations. There were several hearings as to what he should receive under the Workers' Compensation statutes. During the ensuing years, he received disability payments classified in varying degrees, and the LIRAB addressed the status of his case several times.

The decision which directly pertains to the instant case is the decision of April 28, 1988, amended on May 16, 1988, issued by the Director of the Disability Compensation Division, Department of Labor. In that decision, the Director determined that appellant had been temporarily and totally disabled (TTD) from October 1, 1982, through January 27, 1988. The Director also awarded him 25% additional permanent partial disability (PPD) of the whole man, and a lump sum disfigurement award of $1,100.00. Appellant appealed that decision to the LIRAB, which affirmed on December 7, 1989.

That affirmation generated this appeal. Although appellant presented four questions on appeal, the ICA dealt only with the first question. That question asked whether appellant was permanently totally disabled (PTD), and if so, as of what date. The ICA found that appellant was PTD, and remanded for determinations including the appropriate date and amount of benefit. The ICA's conclusion was based on the premise that the LIRAB misapplied the odd–lot doctrine. City Roofing, Inc. and Industrial Indemnity Company, Employer, Insurance Carrier–Appellee (Petitioner), applied to this court for a Writ of Certiorari to review the ICA's opinion.

## II.

One of the more colorful, but apt, definitions of the odd–lot doctrine comes from Judge Cardozo:

> He [the plaintiff] was an unskilled or common laborer. He coupled his request for employment with notice that the labor must be light. The applicant imposing such conditions is quickly put aside for more versatile competitors. Business has little patience with the suitor for ease and favor. He is the 'odd lot' man, the 'nondescript in the labor market.' Work, if he gets it, is likely to

be casual and intermittent. . . . Rebuff, if suffered, might reasonably be ascribed to the narrow opportunities that await the sick and the halt.

*Jordan v. Decorative Co.*, 230 N.Y. 522, 525, 130 N.E. 634, 635–36 (1921) (cited in 2 A. Larson, *Workmen's Compensation Law* § 57.51(b), at 10–164.89 (19–20)). Larson's text provides the following general rule on burden of proof for claimants under the odd–lot doctrine:

If the evidence of degree of obvious physical impairment, coupled with other facts such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd–lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant.

A. Larson, *supra*, § 57.61(c), at 10–178. The item missing from claimant's list of considerations is any evidence as to specific availability of employment. In other words, there is a presumption that, if claimant suffers physically, and bears the additional characteristics, then he has proved the *prima facie* case. The employer then has the burden to prove the existence of regular suitable employment.

## III.

The decision affirmed by the LIRAB does not specifically discuss the odd–lot doctrine, but the following holding is its finding as to that premise:

We find that Claimant is not permanently and totally disabled. Claimant's age, background, and work experience do not combine with his physical impairment to preclude him from work in the normal labor market. Claimant has not shown that he is unable to work as a result of the April 16, 1974 injury. On the facts before us,

Claimant is found to be permanently and partially disabled, and not totally disabled. Accordingly, Employer/ Carrier shall pay an additional 25% permanent partial disability of the whole man, pursuant to § 386–32, H.R.S.

The ICA took issue with this holding, stating that appellant's burden was only to establish the prima facie case to assert that the odd–lot category might be applied. The ICA held, and we agree, that appellant clearly met his burden. The prima facie case was established on the facts. The burden should then have shifted. However, the ICA went on to make a factual finding that, on the record, petitioner failed to prove the availability of steady work.

Briefly, petitioner's argument to this court is that the question of whether a claimant falls within the odd–lot category is a question of fact. Petitioner argues that the LIRAB made the proper factual findings which support determining that appellant does not fall within the odd–lot category. Therefore, there was no reason to even consider shifting the burden to petitioner to ascertain whether appropriate employment existed for appellant.

We take issue with the extent of the ICA opinion, but also find that petitioner's argument is not entirely convincing. Case law clearly establishes that it is a question of fact as to whether a person falls into an odd–lot category. *See Worker's Comp. Claim of Cannon v. FMC Corp.*, 718 P.2d 879, 885 (Wyo. 1986). However shifting the burden of proof is a question of law.

The LIRAB finding, quoted above, specifically put the burden on appellant of proving that he was unable to work as a result of the 1974 injury. This is an error of law, and we agree with the ICA that it is reversible. There is nothing in the LIRAB decision which indicates that the petitioner either failed or succeeded in its burden of proof that there was suitable employment—a factual question. We agree with petitioner that the ICA exceeded its scope of review on this portion of the odd–lot test, by making its own determination. The standard of review for the ICA, on a factual finding, was the

clearly erroneous standard. Since there was no factual finding on this portion of the odd–lot test to review, the case should have been remanded for further proceedings.

Reversed in part, and remanded for proceedings consistent with the ICA opinion as modified herein.

*Leroy T. Kuwasaki, Jr.* and *Susan Y.M. Chock* for petitioners–appellees.

*Robyn M. Kuwabe*, Deputy Attorney General, for appellee.

*Jeffrey M. Taylor* for respondent–appellant.