JOSEPHINE S. CHAY, Claimant-Appellant,
v.
STATE OF HAWAI`I, DEPARTMENT OF EDUCATION Employer-Appellee, Self-Insured.
No. 26496
In the Supreme Court of Hawaii.
November 30, 2007.
On the briefs:
Lowell K.Y. Chun-Hoon of King, Nakamura & Chun-Hoon, for claimant-appellant, Josephine S. Chay.
James E. Halvorson and Kathryn-Jean T.K. Taniguchi, Deputy Attorneys General, for employer-appellee, State of Hawai`i, Department of Education.

SUMMARY DISPOSITION ORDER
MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.
Claimant-Appellant Josephine S. Chay ("Chay") appeals from the Labor and Industrial Relations Appeals Board's[1] ("Appeals Board") March 10, 2004 Decision and Order, which concluded that she is entitled to benefits from Employer-Appellee State of Hawai`i, Department of Education ("Employer") for twenty percent permanent partial disability of the whole person, as a result of the June 4, 1998 work injury, and is not permanently totally disabled[2] either medically, under Hawai`i Revised Statutes ("HRS") § 386-31,[3] or under the odd-lot doctrine.[4]
On appeal, Chay argues that the Appeals Board erred[5] inasmuch as it: (1) found that her psychiatric impairment does not render her medically permanently and totally disabled under HRS § 386-31; (2) found that she is not permanently and totally disabled under the odd-lot doctrine, based on (a) insufficient findings regarding her psychiatric impairment, (b) not crediting a vocational expert's opinion that she is unemployable based on her age, presentation, and psychiatric impairment, and (c) the finding that she retired because she lacked motivation, although her treating psychiatrist did not release her to work; and (3) found that she is only twenty percent permanently and partially impaired although it is not supported by the 2nd Edition of the AMA Guides and her psychiatric condition.
Upon carefully reviewing the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we hold that:
(1) Chay is not medically permanently and totally disabled, inasmuch as the substantial evidence in the whole record, specifically, her testimony about her self-sufficiency and the opinions of Dr. Slomoff and Dr. Tsushima, reflects that she is not precluded from working;[6]
(2) Based on substantial evidence in the whole record, Chay is not permanently and totally disabled under the odd-lot doctrine, and the Appeals Board properly (a) made sufficient findings regarding the psychometric evidence of the extent of Chay's psychiatric impairment,[7] (b) found that Chay's psychiatric impairment did not render her unemployable based on substantial evidence in the record, (c) did not credit Mizono's opinion that Chay was unemployable, inasmuch as it observed him testify and found his opinion inconsistent with Dr. Slomoff's; and (d) found that she retired because she lacked motivation,[8] based on her statements that she is "not interested in unskilled or semiskilled jobs"; and
(3) Chay is no more than twenty percent permanently and partially disabled as a result of the June 4, 1998 work injury, inasmuch as this level of psychiatric impairment is substantially supported by the whole record. Therefore,
IT IS HEREBY ORDERED that the Appeals Board's March 10, 2004 Decision and Order is affirmed in all respects.
NOTES
[1] Board Chairman Randall Y. Iwase and Board member Carol K. Yamamoto presided.
[2] HRS § 386-1 (1993) defines total disability as "disability of such an extent that the disabled employee has no reasonable prospect of finding regular employment of any kind in the normal labor market."
[3] HRS § 386-31 (1993) provides, in pertinent part:

In the case of the following injuries, the disability caused thereby shall be deemed permanent and total:
(1) The permanent and total loss of sight in both eyes;
(2) The loss of both feet at or before the ankle;
(3) The loss of both hands at or above the wrist;
(4) The loss of one hand and one foot;
(5) An injury to the spine resulting in permanent and complete paralysis of both legs or both arms or one leg and one arm;
(6) An injury to the skull resulting in incurable imbecility or insanity.
In all other cases the permanency and totality of the disability shall be determined on the facts.
[4] The odd-lot doctrine may be invoked:

where an employee receives a work-related permanent partial disability which combined with other factors such as age, education, experience, etc., renders him, in fact, unable to obtain employment, he is entitled to be treated as being permanently totally disabled. It seems to be accepted that the employee has the burden of establishing prima facie that he falls within the odd-lot category.
Tsuchiyama v. Kahului Truckinci and Storage, Inc., 2 Haw. App. 659, 660-61, 638 P.2d 1381, 1382 (1982) (citation omitted).
[5] Technically, Chay failed to comply with Hawaii Rules of Appellate Procedure ("HRAP") Rule 28(b)(4)(C), inasmuch as her points of error do not quote the disputed findings of fact. Employer contends that pursuant to HRAP Rule 28(b)(4)(C), this court must disregard Chay's assertions that the Appeals Board erred in its findings. See Morgan v. Planning Dep't, County of Kauai, 104 Hawai`i 173, 180, 86 P.3d 982, 989 (2004) "Indeed, it is well settled that failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm the circuit court's judgment.") (Relying on Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai`i 214, 235, 948 P.2d 1055, 1076 (1997).).

Nevertheless, the disputed findings of fact are encompassed within the points of error and argument section of her opening brief. Therefore, we address the merits of Chay's arguments, notwithstanding the technical violation of HRAP Rule 28(b)(4)(C). See Schefke v. Reliable Collection Agency, Ltd., 96 Hawaii 408, 420, 32 P.3d 52, 64 (2001) (addressing the merits of the issues on appeal despite HRAP Rule 28(b)(4)(C) violations, to support "' the policy of affording litigants the opportunity to have their cases heard on the merits, where possible') (citations omitted).
[6] See Tamashiro v. Control Specialist, Inc., 97 Hawai`i 86, 92, 34 P.3d 16, 22 (2001) (ruling that when reviewing the Appeals Board's findings, "the credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal").
[7] See In Re Kauai Elec. Div. of Citizens Utils. Co., 60 Haw. 166, 166, 590 P.2d 524, 527 (1978) (citations omitted) (explaining that an administrative agency's findings of fact must include "the basic facts, from which the ultimate facts in terms of the statutory criterion are inferred .. so that it appears definitely upon what basic facts the Commission reached the ultimate facts and came to its decision").
[8] See Atchley v. Bank of Hawai`i, 80 Hawai`i 239, 245, 909 P.3d 567, 573 (1996) (affirming the Appeals Board's determination that claimant, a "highly educated, professional man with marketable skills" was not permanently totally disabled under the odd-lot doctrine, in part because he was not working due to his "lack [of] interest").