BENEDICTO C. CABERTO, Claimant-Appellant,
v.
MAUI ELECTRIC COMPANY, Employer-Appellee
No. 27494
Intermediate Court of Appeals of Hawaii.
May 13, 2008.
On the briefs:
David M. Robinson Ronald N.W. Kim (Robinson & Chur) for Claimant-Appellant.
Stanford M.J. Manuia for Employer-Appellee.

SUMMARY DISPOSITION ORDER
RECKUNWALD, C.J., FOLEY, and LEONARD, JJ.
Claimant-Appellant Benedicto C. Caberto (Caberto) appeals the Labor and Industrial Relations Appeals Board's (Board) Decision and Order (Decision) in Case No. AB 2002-447(M) (X-XX-XXXXX), filed on August 17, 2005.
On appeal, Caberto contends that: (1) the Board erred in finding that Caberto did not establish the prima facie case that he was odd-lot Permanent Total Disability (PTD;) and (2) the Board clearly erred in discrediting Caberto's medical expert's opinion, Dr. Danilo Ponce (Dr. Ponce), because the expert did not rate Caberto's impairment pursuant to American Medical Association (AMA) Guidelines, which could have resulted in a finding of medical and psychiatric PTD.
A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding. In re Water Use Permit Applications, 94 Hawai`i 97, 119, 9 P.3d 409, 431 (2000). Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Id.
"The credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal." Tamashiro v. Control Specialist, Inc., 97 Hawai'i 86, 92, 34 P.3d 16, 22 (2001).
Upon careful review of the record and the briefs submitted by the parties and the issue raised by the parties, we resolve Caberto's points of error as follows:
(1) There was substantial evidence for the Board to conclude that Caberto was not odd-lot PTD. The odd-lot doctrine provides "that where an employee receives a work-related permanent partial disability which combined with other factors such as age, education, experience, etc., renders him, in fact, unable to obtain employment, he is entitled to be treated as being permanently totally disabled." Tsuchiyama v. Kahului Trucking and Storage, Inc., 2 Haw.App. 659, 660-61, 638 P.2d 1381, 1382 (1982). The Board found that Caberto was 34 years old at the time of his injury, graduated from Lanai High School, attended Honolulu Community College for three years and received a certificate in industrial electricity, had operated his own business selling chicken feed, and had handled billing for water usage for the Lanai Community Garden prior to his injury. Therefore, based on these factors and the Board's finding that there was a lack of credible medical evidence that Caberto could not work, the Board's determination that Caberto did not make a prima facie showing of permanent total disability under the odd-lot doctrine is not clearly erroneous in light of the reliable, probative, and substantial evidence.
(2) Regarding the Board's consideration of Dr. Ponce's testimony, we recognize that in Duque v. Hilton Hawaiian Village, 105 Hawai'i 433, 98 P.3d 640 (2004), the Hawai`i Supreme Court stated that "the AMA also recognizes that the Guides are only a tool for evaluation of permanent impairment used by the physician." 105 Hawai'i at 439, 98 P.3d at 646. The supreme court noted that the AMA Guide "is not to be used for direct financial awards nor as the sole measure of disability." Id. Thus, the use of the Guide is not required. In this case, however, the Board found that Dr. Ponce did not provide any alternative objective medical criteria for concluding that major depression was the cause of Caberto's permanent disability. The Board found that Dr. Ponce did not assess Caberto's different areas of functioning, did not provide any opinions on the classes of impairment for each of these areas of functioning, and that Dr. Ponce's opinion was conclusory. In short, the Board did not find Dr. Ponce's report and testimony credible. This court will not disturb the Board's determination of the credibility of the witnesses in this case.
For these reasons, the Board's Decision is affirmed.