GERD K. COBB-ADAMS, Claimant-Appellant/Appellee,
v.
KOGA ENGINEERING AND CONSTRUCTION, INC., and KEMPER EMPLOYERS INSURANCE COMPANY, Employer/Insurance Carrier-Appellee/Appellant.
No. 27419
Intermediate Court of Appeals of Hawaii.
May 16, 2008.
On the briefs:
Laurie E. Keeno, (Char Hamilton Campbell & Yoshida), for Employer/Insurance Carrier-Appellees/Appellants.
Roland Q.F. Thom, for Employer/Insurance Carrier-Appellees/Appellants.
Earl T. Nakasato, for Claimant-Appellant/A

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and FUJISE, JJ.
Employer/Insurance Carrier-Appellees/Appellants Koga Engineering and Construction, Inc. (Koga) and Seabright Insurance Co. (Seabright) appeal from the May 31, 2005 Decision and Order (Decision) of the Labor and Industrial Relations Appeals Board (LIRAB) affirming in part and reversing in part the October 14, 2003 decision by the Director of Labor and Industrial Relations (Director). Koga and Seabright challenge that part of the Decision finding Claimant-Appellant/Appellee Gerd K. Cobb-Adams (Cobb-Adams) permanently and totally disabled.
In accordance with Hawai`i Rules of Appellate Procedure Rule 35 and after carefully reviewing the arguments and issues raised, the record and the briefs submitted by the parties, and duly considering and analyzing the law relevant thereto, we resolve the points on appeal as follows:
Koga and Seabright raise two points of error flowing from the LIRAB's application of the "odd-lot" doctrine, and challenge various Findings of Fact and Conclusions of Law, which relate to those two points.
[T]he so-called "odd-lot doctrine" . . . holds that where an employee receives a work-related permanent partial disability which combined with other factors such as age, education, experience, etc., renders him, in fact, unable to obtain employment, he is entitled to be treated as being permanently totally disabled. It seems to be accepted that the employee has the burden of establishing prima facie that he falls within the odd-lot category. 2 Larson's Workmen's Compensation Laws, § 57.61 (1976).
Tsuchiyama v. Kahului Trucking & Storage, Inc., 2 Haw. App. 659, 660-61, 638 P.2d 1381, 1382 (1982). "[T]here is a presumption that, if claimant suffers physically, and bears the additional characteristics, then he has proved the prima facie case. The employer then has the burden to prove the existence of regular suitable employment." Yarnell v. City Roofing, Inc., 72 Haw. 272, 275, 813 P.2d 1386, 1388 (1991). The LIRAB's determination that Cobb-Adams fell within the scope of the odd-lot doctrine is reviewed for clear error. Tsuchiyama, 2 Haw. App. at 661, 638 P.2d at 1382.
1. As to their first point of error, Koga and Seabright have failed to show the LIRAB's finding that Cobb-Adams made a prima facie showing of odd-lot total disability was clearly erroneous. They do not challenge the LIRAB's findings that Cobb-Adams had a 10th grade education, for thirty years held a series of manual or heavy labor jobs, became a journeyman mechanic then later a heavy equipment mechanic, in time was promoted as a working foreman and then became a heavy equipment operator. After a four to five year stint operating his own business renting his services and equipment, he began as a heavy equipment operator for Koga in 1997. After his 1999 work related injury, Cobb-Adams suffered from back and leg pain which, after extensive consultation with a number of doctors, caused his ability to work to be restricted by sixty-minute sitting and 30-45-minute standing limitations. Doctors rated Cobb-Adams as having a 10-14% whole-person impairment. As of trial, Cobb-Adams reported lower-back and leg pain on a daily basis, back spasms if sitting for longer than 25 minutes, use of a cane to walk, need for assistance in self-care activities such as dressing, and daily use of pain medication. Cobb-Adams also underwent vocational rehabilitation counseling from September 1999 through November 2001 but was "unable to identify an appropriate vocational goal" and his counselor was unable to "identify further VR services that could be provided to" Cobb-Adams.
On this record, we cannot say the LIRAB's finding that Cobb-Adams met his burden of proving a prima facie case of odd-lot total disability was clearly erroneous.
2. Koga and Seabright's second point of error appears to challenge the LIRAB's ultimate determination that Cobb-Adams was totally disabled under the odd-lot doctrine. As the LIRAB had found Cobb-Adams proved his prima facie case, we presume Koga and Seabright challenge the LIRAB's determination that they did not meet their burden of showing "the existence of regular suitable employment" under Yarnell.
Koga and Seabright's case in this regard, depended almost exclusively on the testimony of their witness Gwen Keliihoomalu (Keliihoomalu), a certified rehabilitation counselor. However, the LIRAB found Keliihoomalu not credible and "the credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal." TaMashirb v. Control Specialist, Inc., 97 Hawai`i 86, 92, 34 P.3d 16, 22 (2001).
Given the lack of credible evidence of suitable employment on this record, we find no error in the LIRAB's determination of total permanent disability.
Therefore,
IT IS HEREBY ORDERED that the May 31, 2005 Decision and Order of the Labor and Industrial Relations Appeals Board affirming in part and reversing in part the October 14, 2003 decision by the Director of Labor and Industrial Relations is affirmed.