**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000075
21-MAY-2021
07:55 AM
Dkt. 68 MO**

NO. CAAP-17-0000075

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ILUMINADA M. ISLAO, Claimant-Appellant,
v.
CASTLE AND COOKE RESORTS, LLC, Employer-Appellee, Self-Insured,
and
SEDGWICK CMS, Third-Party Administrator-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB 2013-428 (DCD NO. 2-09-02436))


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)


Claimant-Appellant Iluminada M. Islao (**Islao**), self-represented, appeals from an "Order Adopting Proposed Decision and Order in Part, with Modifications" (**Decision**) issued by the Labor and Industrial Relations Appeals Board (**LIRAB**) on February 8, 2017.  In the Decision, the LIRAB rendered certain rulings against Islao with regard to her claims for workers' compensation benefits from Employer-Appellee Castle and Cooke Resorts, LLC (**Castle and Cooke**), and Third-Party Administrator-Appellee Sedgwick CMS (**Sedgwick**).

On appeal, Islao raises two points of error contending: (1) the LIRAB erred in finding that she is not permanently totally disabled (**PTD**) under the odd-lot doctrine; and (2) the LIRAB should have sent the case back to the Director of the Department of Labor and Industrial Relations, Disability Compensation Division (**Director**) to determine if she should get

further vocational rehabilitation (**VR**) before deciding the odd-lot issue.

We vacate the LIRAB's Decision with regard to its apparent rejection of the odd-lot doctrine in this case without making necessary findings.

## I.  Factual Background

On February 18, 2009, Islao sustained an injury to her right wrist arising out of and during the course of her employment as a Sales Associate for Castle and Cook.  Islao was twisting the crown of a pineapple during a customer demonstration at the Dole Plantation in Wahiawā, Hawaiʻi when she strained her right wrist.  Islao was diagnosed with a right wrist sprain.  On March 17, 2009, an MRI of Islao's right wrist revealed the possibility of a scapholunate ligament tear or instability with arthropathy in the scapholunate articulation, distal radial ulnar joint effusion with mild heterogeneity of the triangular fibrocartilage, and cystic appearing changes in the capitate bone.

After further diagnoses by several doctors, in December of 2010, Dr. James Langworthy (**Dr. Langworthy**) performed an independent medical examination (**IME**).  Dr. Langworthy determined that Islao was at maximum medical improvement (**MMI**), stable, ratable and rated Islao at 11% impairment of the right hand based upon the AMA Guides to the Evaluation of Permanent Impairment, 5th Ed.  He also concluded that she had no disfigurement.

On March 16, 2010, Physical Therapist Florian Flores (**Flores**) performed a Functional Capacity Evaluation (**FCE**) on Islao.  Based upon the test results, Islao was found to be capable of performing work at a physical demand level of sedentary-light work level for an eight-hour day, which allows for fifteen (15) pounds lifting and carrying capacity.  However, Flores indicated in the FCE Reliability Profile that the test results were invalid, giving Islao a validity score of 50% due to "very poor effort, or voluntary submaximal effort that is not necessarily related to pain, impairment or disability."  Flores opined that the sedentary-light level designation was based upon

inaccurate test results due to Islao's poor effort, and estimated that she could likely work at the physical demand level of light work, which reflects an ability to perform at a strength classification level of up to twenty pounds.

Islao was referred for vocational rehabilitation (**VR**) services with VR counselor Faith Lebb (**Lebb**) on March 24, 2011. The VR file was opened with the initial evaluation report date of April 20, 2011.  The Initial Evaluation stated that Islao graduated from high school in the Philippines and received a diploma in 1978.  English is her second language.  Islao worked as a Sales Associate with Castle and Cooke at the Dole Plantation.  Her job duties included stocking shelves with merchandise, pineapple crowning, completing demonstrations for tourists, operating the cash register, and accepting payments. Lebb noted that Islao would likely not be able to return to her position as a sales associate, as a sales associate position is considered "very heavy duty" work because it requires lifting and carrying more than seventy-five (75) pounds.

Due to Islao's light duty work restrictions, and certifications or specific training required for jobs in positive labor markets, the VR counselor recommended Islao obtain computer skills training to broaden the labor markets in which she was able to search for work, as most jobs meeting Islao's physical restrictions require basic computer skills.

In VR, Islao sought employment in various fields including general clerk and customer service.  Islao completed introductory computer classes to find work that would be appropriate for her physical limitations.  At the end of Islao's VR, she remained unemployed.  A VR determination dated September 7, 2012, stated that Islao successfully completed computer training, had 120 days of placement services followed by 60 more days of placement totaling 180 days, and thereafter had marketable skills and the ability to job search on her own.

On August 18, 2014, VR Counselor Priscilla Havre (**Havre**) issued a report based on an independent review of Islao's

3

VR records.  Havre opined that Islao has the capacity to perform full-time light work even with her injury to her right wrist.

## II.  Procedural Background

On June 27, 2013, the Director held a hearing to determine: (1) whether Islao sustained any PPD or disfigurement as a result of the industrial injury; and (2) if so, what was the extent of the PPD and/or disfigurement.

The Director filed a Decision on July 19, 2013, determining in pertinent part: (1) Claimant was not PTD; (2) Claimant sustained 14% PPD of the right hand; (3) Employer was entitled to a credit for advance PPD payments beginning September 8, 2012; and (4) there was no disfigurement from this injury.  Islao appealed the Director's Decision to the LIRAB.

Pursuant to the LIRAB's Pretrial Order filed on February 11, 2014, the four issues to be determined by the LIRAB were:

> (1) Whether Claimant is entitled to, and Employer/Third-Party Administrator is liable for, temporary total disability benefits after September 7, 2012, for the work injury of February 18, 2009.
>
> (2) Whether Claimant is permanently totally disabled due to the February 18, 2009 work injury, and, if not, what is the extent of permanent partial disability, if any, for Claimant's February 18, 2009 right hand work injury.
>
> (3) Whether Employer/Third-Party Administrator is authorized to credit temporary total disability benefits paid beginning September 8, 2012, against the award for permanent partial disability benefits.
>
> (4) What is the extent of disfigurement for Claimant's February 18, 2009 right hand work injury?

Trial was held on October 24, 2014.

On August 18, 2016, LIRAB issued a "Proposed Decision and Order" (**Proposed Decision**) in which the issue of the odd-lot doctrine was addressed, *inter alia*, in Findings of Fact (**FOF**) 60, 73, and 98, as well as extensively analyzed in Conclusion of Law (**COL**) 4.  In FOFs 60, 73 and 98, the Proposed Decision states:

> 60.  For various reasons, the Board finds evidence that regular suitable employment existed for a person in [Islao's] condition during her enrollment in the VR Plan.
>
> . . .

>  73.    The Board finds that during the time period of the VR plan that Employer has met its burden of proving that regular suitable employment existed for a person in Claimant's condition.
>
>  . . .
>
>  98.    Given the entire mix of [Islao's] permanent impairment, age, education, training and experience, mental capacity, the Board finds that, given the aggregate of evidence, [Islao] has proven, *prima facie*, that she falls within the odd-lot category.

Further, in COL 4, the Proposed Decision determines that Islao met her burden of proving that she suffered a work-related permanent partial disability, Islao made a *prima facie* showing that she falls in the odd-lot category, but that employer Castle and Cooke "met its burden of proving that regular suitable employment exists for [a] person in [Islao's] condition."  Thus, the Proposed Decision in COL 4 states: "Therefore, the Board concludes that [Islao] is not medically PTD and not PTD under the odd-lot doctrine as a result of the February 18, 2009 work injury."

The parties were given the opportunity to submit written exceptions to the Proposed Decision, and Islao submitted a request for reconsideration and a request for further hearing, which was treated as written exceptions.  Castle and Cooke submitted its opposition to Islao's request, and a further hearing was held on Islao's written exceptions on October 19, 2016.

On February 8, 2017, the LIRAB issued its Decision, which adopted the Proposed Decision <u>only in part and with modifications</u>.  The Decision did <u>not</u> adopt FOFs 60, 73, or 98 from the Proposed Decision.  Further, the Decision states:

>  IT IS FURTHER ORDERED that <u>the Board adopts Conclusion of Law 4</u>, **but only to the extent** <u>it determined that Claimant was not permanently and totally disabled as a result of the February 18, 2009 work injury and the cases cited.  The Board does</u> **not** <u>adopt the analysis as stated in the Proposed Decision and Order</u>.
>
>  The Board adds the following into Conclusion of Law 4 of the [Proposed Decision], as related to the issue of PTD:
>
>>  As acknowledged by Claimant, she is not totally disabled and is able to work. Claimant is able to work at the light duty level, but has only been seeking

5

> more restrictive sedentary jobs. Additionally she has also imposed a further limitations based on her desire for work that will not affect her Social Security benefits.

(Emphases added).

### III.  Discussion

### A.  Odd-Lot Doctrine

Islao first contends that she is entitled to PTD benefits under the odd-lot doctrine because: "she is 59 years old and 10 months"; has "a limited education" and "limited job experience"; her "[E]nglish speaking, writing and understanding is not so good"; and she is disabled with work restrictions including the inability to "carry or lift heavy objects."

Under the odd-lot doctrine, "where an employee receives a work-related permanent partial disability which combined with other factors such as age, education, experience, etc., renders the person, in fact, unable to obtain employment, the person is entitled to be treated as being permanently totally disabled." Tsuchiyama v. Kahului Trucking & Storage Inc., 2 Haw. App. 659, 660-61, 638 P.2d 1381, 1382 (1982) (citation omitted). The employee has the burden of establishing a *prima facie* case that he or she falls within the odd-lot category.  Id. at 661, 638 P.2d at 1382 (citation omitted); Yarnell v. City Roofing Inc., 72 Haw. 272, 275, 813 P.2d 1386, 1388 (1991).  Furthermore,

> [i]f the evidence of degree of obvious physical impairment, coupled with other facts such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant.

Yarnell, 72 Haw. at 275, 813 P.2d at 1388 (citation omitted).

If the burden shifts to the employer to show that some kind of suitable work is regularly and continuously available to the claimant, whether the employer failed or succeeded in its burden of proof is a factual question.  Id. at 276, 813 P.2d at 1389.  A finding by LIRAB on this issue is reviewed on appeal under the clearly erroneous standard.  See Atchley v. Bank of Hawaiʻi, 80 Hawaiʻi 239, 245, 909 P.2d 567, 573 (1996) (noting it is the duty of the LIRAB to make a finding whether a claimant is

permanently and totally disabled either medically or on an odd-lot basis, "and it should not be overturned unless such determination was clearly erroneous in light of the evidence on the whole record").

Here, because LIRAB only adopted the Proposed Decision in part and with modifications, as noted above, there are no findings by LIRAB in the final Decision whether Islao met her *prima facie* burden of showing that she was in the odd-lot category.

Further, even if we assume *arguendo* there was a finding (or enough evidence in the record) that Islao met her *prima facie* burden, such that the burden shifted to the employer, there is no finding by LIRAB whether Castle and Cooke made a showing that some kind of suitable work is regularly and continuously available to Islao.  In short, given that the Decision did not incorporate or adopt the relevant findings in the Proposed Decision, necessary findings by the LIRAB related to whether the odd-lot doctrine applies in this case are not present in the record.

In Yarnell, there was "nothing in the LIRAB decision which indicate[d] that the [employer] either failed or succeeded in its burden of proof that there was suitable employment[.]" 72 Haw. at 276, 813 P.2d at 1389.  On appeal, this court made a finding, based on the record, that the employer failed to prove the availability of steady work, but the Hawaiʻi Supreme Court held that:

> the ICA exceeded its scope of review on this portion of the odd-lot test, by making its own determination.  The standard of review for the ICA, on a factual finding, was the clearly erroneous standard.  Since there was no factual finding on this portion of the odd-lot test to review, the case should have been [remanded] for further proceedings.

Id.; see also Lardizabal v. No Ka Oi Producers, Inc., No. CAAP-13-0005885, 2016 WL 6781371, at *4 (App. Nov. 16, 2016) (remanding the case where the LIRAB, in addressing the odd-lot doctrine, had not made a factual finding whether the employer failed or succeeded in its burden of proof that there was suitable employment).

7

Given the record, and the lack of necessary findings by the LIRAB, we will remand for further proceedings on the odd-lot doctrine.

### B.  VR Closure

In Islao's second issue on appeal, she asserts that the LIRAB should have adjudicated the issue of VR closure prior to the determination of whether she is PTD under the odd-lot doctrine.  Islao does not point to where in the record she raised this issue and it appears to be raised for the first time in this appeal and is waived.

The Decision adopted FOF 68 of the Proposed Decision, which found that the issue of the VR closure was not before the LIRAB, that the Director had not determined the issue of VR closure, and thus the Director had jurisdiction over the issue.

Given that Islao did not seek to have the odd-lot ruling stayed until the VR closure issue was addressed by the Director, her second point of error is waived.

### IV.  Conclusion

Based on the above, the "Order Adopting Proposed Decision and Order in Part, with Modifications" filed by the LIRAB on February 8, 2017, is vacated with regard to the issue of the odd-lot doctrine.  This case is remanded to the LIRAB for further proceedings consistent with this Memorandum Opinion and to make necessary findings related to the odd-lot doctrine.

DATED:  Honolulu, Hawai'i, May 21, 2021.

On the briefs:

Iluminada M. Islao,
Claimant-Appellant.

Samantha M.Y. Chan,
Kenneth T. Goya
Steven L. Goto,
for Employer-Appellee and
Third-Party Administrator-
Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge